**Harold J. JUNGBLUTH, Special Administrator of the Estate of John Jungbluth, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 15712.

United States Court of Appeals Seventh Circuit.

Nov. 30, 1966.

Harry Primakow, Milwaukee, Wis., Erwin Esser Nemmers, Chicago, Ill., for appellant.

James B. Brennan, U. S. Atty., Milwaukee, Wis., Mitchell Rogovin, Asst. Atty. Gen., Jonathan S. Cohen, Atty., Tax Div., Meyer Rothwacks, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., Franklyn M. Gimbel, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and FAIRCHILD, Circuit Judges.

PER CURIAM.

The sole question before us on this appeal is the correct value to be given to certain shares of stock, as of May 15, 1958, for federal gift tax purposes.

On that date, John W. Jungbluth (taxpayer) made a gift of 200 shares of common stock of the R T & E Corporation to his son, Harold, and a like gift of 200 shares to his daughter-in-law, Marion, wife of Harold.

Taxpayer assigned each share of such stock a value of $35, and paid a total federal gift tax of $45.

The Commissioner of Internal Revenue assigned a value of $190 per share to the 400 shares in issue and assessed a deficiency accordingly. Taxpayer paid this deficiency in the amount of $7,920, and additional sum of $1,037.36 interest thereon, and filed a timely claim for refund. Upon denial of the claim for refund, taxpayer brought this action to recover an alleged overpayment of gift taxes.[1]

The case was tried to the district court, Honorable Robert E. Tehan, Chief Judge of the Eastern District of Wisconsin, presiding, without the intervention of a jury.

The district court found and held that the 400 shares of R T & E stock each had a fair market value of $160, as of May 15, 1958. Judgment was entered accordingly. Taxpayer now appeals from such judgment.

The district court filed a comprehensive opinion on February 15, 1966 in support of his findings and judgment. This opinion is reported as Jungbluth v. United States, D.C.E.D.Wis., 253 F.Supp. 338 (1966). Reference is now fully made thereto.

R T & E Corporation, a Wisconsin corporation, was engaged in manufacturing. On May 15, 1958, its stock was closely held and was not traded on the open market. At that date there were 14,500 shares of no par common stock outstanding owned by approximately 86 shareholders.

At the trial, taxpayer relied chiefly on the testimony of two expert witnesses, Nemmers and Goodman. Goodman based his calculations on information supplied to him by Nemmers. Nemmers was an interested shareholder. The Government rested its case after the introduction of certain documentary evidence.

The district court in its reported memorandum opinion, made a full and careful analysis of taxpayer's evidence and of the documentary evidence produced by the Government. It concluded that taxpayer had not sustained his burden of proof as to his valuation of $35 per share, that the Commissioner's determination of $190 per share was too high, and fixed a value of $160 per share.

In light of the record in this case, we are convinced that the findings of the trial court, as covered by its memorandum opinion, are not clearly erroneous. We

---

1. Following the death of taxpayer, by stipulation of the parties, his Special Administrator was substituted as plaintiff.

agree with the findings and holding of the trial court and conclude that it applied the correct legal criteria thereto. Estate of Heinold v. C. I. R., 7 Cir., 363 F.2d 329, 331 (1966); Tripp v. C. I. R., 7 Cir., 337 F.2d 432, 434, 435 (1964), and cases cited therein; Rev.Rul. 59–60, 1959–1 Cum.Bull. 237, 243.[2]

Finding no error, we adopt the opinion of the trial court, Jungbluth v. United States, supra, as the opinion of this court, and affirm the judgment from which this appeal is taken.

Affirmed.

2. "Because valuations cannot be made on the basis of a prescribed formula, there is no means whereby the various applicable factors in a particular case can be assigned mathematical weights in deriving the fair market value. For this reason, no useful purpose is served by taking an average of several factors (for example, book value, capitalized earnings and capitalized dividends) and basing the valuation on the result. Such a process excludes active consideration of other pertinent factors, and the end result cannot be supported by a realistic application of the significant facts in the case except by mere chance."